### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL B. WHALEY, individually, and as surviving spouse and personal representative of the Estate of Lorna Morgan-Whaley, deceased, )<br><br>Plaintiffs, )<br>v. )<br>)<br>BRIAN BIRDWELL, M.D., ET AL., )<br>)<br>Defendants. ) | NO. CIV-05-0363-HE |

### ORDER

This case is before the Court on the motion to dismiss filed by defendants. Defendants allege this Court lacks jurisdiction and that plaintiff's complaint fails to state a claim. See Fed. R. Civ. P. 12(b) (1) and (6). Plaintiff has responded in opposition to the motion. Upon review, the Court concludes this case must be dismissed for lack of jurisdiction.

Defendants allege the parties are not diverse and therefore jurisdiction is lacking under 28 U.S.C. § 1332(a). The pleadings bear out this assertion as it appears all parties are citizens of Oklahoma. While plaintiff essentially admits diversity jurisdiction is lacking, he asserts the Court has federal-question jurisdiction because, in addition to his state law claims, he has alleged the defendants violated the United States Constitution in treating his wife. See 28 U.S.C. § 1331.

In order for federal-question jurisdiction to exist, "plaintiff must present a substantial federal claim." Olsen v. Aebersold, Nos. 01-2366 & 02-2288, 71 Fed. Appx. 7, 9 (10th Cir.

July 11, 2003) (internal quotations omitted).[1]  "The court lacks subject-matter jurisdiction 'when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  Id. (quoting Steel Co., 523 U.S. at 89).

In this case, plaintiff attempts to allege a Fourteenth Amendment violation against the defendants based on the their actions with respect to his wife's care.[2]  However, private conduct is not subject to Fourteenth Amendment prohibitions.  See Marcus v. McCollum, 394 F.3d 813, 818 (10th Cir. 2004) ("The language of the Fourteenth Amendment establishes an essential dichotomy between governmental action, which is subject to scrutiny under the Fourteenth Amendment, and private conduct, which however discriminatory or wrongful, is not subject to the Fourteenth Amendment prohibitions.") (internal quotations omitted); Uhlrig v. Harder, 64 F.3d 567, 572 n.5 (10th Cir. 1995) (noting that the due process clause only applies to state actors).  As plaintiff does not allege, nor does anything in the various materials submitted by plaintiff suggest, that the defendants are state actors or that the they acted under color of state law, his federal claims do not support this Court's jurisdiction. Olsen, 71 Fed. Appx. at 9.  Accordingly, plaintiff's case is **DISMISSED** for lack of jurisdiction.

---

[1] *Olsen is an unpublished decision cited for persuasive value only pursuant to 10th Cir. R. 36.3(B).*

[2] *Plaintiff's submissions also refer to "cruel and unusual" treatment, which may be a reference to the 8thAmendment's ban on cruel and unusual punishment.  That amendment, addressing punishment in criminal cases, is not applicable to the circumstances present in this case.*

**IT IS SO ORDERED**.

Dated this 18th day of July, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE